# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

NATHANIEL A. HARPE, Inmate
No. 960455 F-2 126M,

        Petitioner,

v.                                    1:09-cv-2611-WSD

CLAY TATUM,

        Respondent.

## OPINION AND ORDER

Petitioner Nathaniel A. Harpe ("Petitioner") filed this action seeking a writ of habeas corpus challenging his custody by the State of Georgia pursuant to 28 U.S.C. § 2254. This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [3] and on Petitioner's Objections to the R&R [4].

## I.    BACKGROUND

On June 1, 2000, Petitioner was indicted by a grand jury in Gwinnett County, Georgia in three separate criminal actions for various counts of armed robbery, kidnapping, and false imprisonment. On May 1, 2001, Petitioner entered non-negotiated guilty pleas to all counts, and was sentenced to forty years in confinement, with twenty-five years of actual incarceration. On May 22, 2001,

Petitioner filed a *pro se* motion to withdraw his guilty plea with the trial court. On November 19, 2001, the trial court denied Petitioner's motion. Petitioner appealed to the Georgia Court of Appeals. On March 26, 2002, the Georgia Court of Appeals affirmed Petitioner's conviction and sentence. Petitioner sought a writ of certiorari from the Georgia Supreme Court, but withdrew his application on May 9, 2002. On October 16, 2002, Petitioner filed a motion with the trial court for an out-of-time appeal, which was denied on October 22, 2002. On January 8, 2003, Petitioner's appeal thereof was dismissed by the Georgia Court of Appeals for lack of jurisdiction. On March 20, 2003, Petitioner filed a state habeas corpus petition in the Coffee County Superior Court. On July 9, 2004, following an evidentiary hearing on December 11, 2003, the state habeas court entered an order denying relief. On June 30, 2005, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause.

On May 21, 2007, Petitioner then filed a federal habeas petition in this Court. See Harpe v. Washington, No. 1:07-CV-1168-WSD. On August 28, 2007, the Court granted his motion to voluntarily dismiss the petition. On December 12, 2007, Petitioner filed another federal habeas petition in this Court. See Harpe v. Washington, No. 1:07-CV-3060-WSD. On July 2, 2008, the Court dismissed Petitioner's second federal habeas petition as untimely. On April 28, 2009, the

United States Court of Appeals for the Eleventh Circuit denied Petitioner's certificate of appealability of that dismissal. On June 12, 2009, the United States Court of Appeals for the Eleventh Circuit denied his motion for reconsideration.

On September 21, 2009, Petitioner filed the instant petition. On October 8, 2009, the Magistrate Judge recommended the Petition be denied, concluding that because Petitioner filed a previous petition for writ of habeas corpus in this Court, he must first move in the Eleventh Circuit for an order authorizing consideration of a successive petition. See 28 U.S.C. § 2244(b)(3). Petitioner timely filed his objections.

## II. DISCUSSION

### A. Standard of Review on the Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a

party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    B.    Petitioner's Objections

Petitioner raises four objections to the Magistrate Judge's R&R. Three of these objections involve certain omissions from the recitation of facts included in the "procedural history" section of the R&R. Petitioner objects that the Magistrate failed to consider that Petitioner had filed a motion for sentence modification on April 30, 2002, which was denied on September 11, 2002, and that Petitioner had filed a motion to withdraw his petition for writ of certiorari, which was denied on July 15, 2002. Petitioner argues these additional filings are evidence of his diligence in preserving his rights and should toll the one-year limitations period for habeas applications under 28 U.S.C. Section 2244(d)(2).

The Court, having conducted a *de novo* review, concludes that Petitioner's additional filings are irrelevant to the determination that the instant petition is

successive and therefore may not be considered by the Court without certification from the Eleventh Circuit. Petitioner's first three objections are overruled.

Petitioner finally objects that his prior habeas petition, filed in this Court on December 12, 2007, was erroneously dismissed and should not cause the instant petition to be deemed successive under 28 U.S.C. 2244(b).[1] The Court reviews *de novo* the Magistrate Judge's conclusion that because Petitioner filed a previous petition for writ of habeas corpus in this Court, he must first move in the Eleventh Circuit for an order authorizing this Court to consider a successive petition. See 28 U.S.C. § 2244(b)(3).

28 U.S.C Section 2244(b), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), places limits on second or successive habeas corpus petitions brought pursuant to 28 U.S.C. Section 2254. Specifically, the AEDPA requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3).

---

[1] The Court denied on October 16, 2008, Petitioner's motion for reconsideration of the order dismissing his prior petition. See Harpe v. Washington, No. 1:07-cv-3060-WSD, Docket No. 26. The Court will not reexamine the issue again here.

This Court's dismissal of Petitioner's December 12, 2007, Petition as untimely is considered an adjudication on the merits for the purpose of successive petitions. See Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (holding that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction second or successive petitions under § 2244(b)); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (holding prior petition dismissed as untimely counts as a prior application for purposes of second or successive).

Petitioner cites Muniz v. United States, 236 F.3d 122 (2d Cir. 2001), for the proposition that a habeas petition that is erroneously dismissed does not count as a "first" petition for the purposes of Section 2244(b). Petitioner, believing his December 12, 2007, petition to have been "erroneously" dismissed, argues that it should not operate to render his instant petition successive. In Muniz, the Court of Appeals found the dismissal of a habeas petition to be erroneous when the District Court failed to apply a rule that gave all prisoners whose convictions became final prior to the effective date of AEDPA a full year after that date to file habeas petitions. Noting that "not every habeas corpus or § 2255 petition that is filed after a prior one is properly considered a "second or successive" filing in the technical

sense meant by AEDPA," the Second Circuit held that Muniz did not need to obtain leave of the Court of Appeals before filing another habeas petition in the District Court. Muniz, 236 F.3d at 125. The court continued, "[w]e emphasize that our holding in this case is limited to situations akin to that faced by Muniz, in which a petitioner's first habeas or § 2255 petition was *incorrectly* dismissed as untimely." Id. at 129 (emphasis in original).

Unlike in Muniz, there is no reason here to conclude that Petitioner's prior petition was incorrectly dismissed. This Court's Order dated July 2, 2008, sets forth in detail why Petitioner's prior petition was untimely.[2] The Court considered as well Petitioner's motion for reconsideration and, in an Order dated October 16, 2008,[3] explained that Petitioner failed to show that equitable tolling should apply, and that even if he had, his petition still would be untimely. Unlike in Muniz, the Court of Appeals here did not find this Court's dismissal to be erroneous and, in fact, denied Petitioner's certificate of appealability on April 28, 2009. On June 12, 2009, the Court of Appeals further denied Petitioner's motion for reconsideration. In light of the fact that Petitioner's prior petition was not erroneously dismissed, the Court concludes Muniz does not apply here. The Court further concludes that

---

[2] Harpe v. Washington, No. 1:07-cv-3060-WSD, Docket No. 15.
[3] Harpe v. Washington, No. 1:07-cv-3060-WSD, Docket No. 26.

7

the petition does not have merit, and Petitioner's objection that his prior habeas petition does not cause the instant petition to be deemed successive is overruled.[4]

Having conducted a *de novo* review of the portions of the R&R to which Petitioner objected, the Court concludes that this Court's dismissal of Petitioner's December 12, 2007, Petition as untimely is considered an adjudication on the merits for the purpose of successive petitions under 28 U.S.C. § 2244(b) and that, absent proper certification from the Eleventh Circuit, this Court may not consider Petitioner's instant petition. See Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (noting that § 2244(b)(3)(A) is either a jurisdictional bar or a condition precedent requiring appellate certification prior to review in the district court). Because Petitioner has not obtained the proper certification from the Eleventh Circuit, the instant petition is required to be dismissed.

---

[4] Petitioner also cites United States v. Wynn, 292 F.3d 226 (5th Cir. 2002), a case involving a "rare and extraordinary circumstance" of an attorney's deception in convincing a prisoner that he timely filed a motion for post-conviction relief. The court held that such circumstances were beyond the prisoner's control and may warrant equitable tolling of one-year limitations period. This case has no application to the question of whether Petitioner's instant action is successive under 28 U.S.C. Section 2244(b). Petitioner tries to re-litigate the dismissal of his prior habeas petition by urging, yet again, that he was entitled to equitable tolling and that the petition was therefore timely. As noted, that issue has already received considerable attention from this Court and Petitioner's argument has been rejected.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Walker's Report and Recommendation [3] and that Petitioner's Objections [4] are **OVERRULED**.

**IT IS HEREBY FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [1] is **DENIED** and the Petition is **DISMISSED**.

**SO ORDERED** this 29th day of October, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE